IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENRIC LA VAUGHN JACKSON, SR., (TDCJ-CID #1505478) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-15-0549 |
| BROCK THOMAS, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION ON DISMISSAL

Kenric La Vaughn Jackson, Sr., an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, sued in February 2015, alleging denial of due process. Jackson has neither paid the $350.00 filing fee nor sought leave to proceed without prepaying fees. From his litigation history, the court presumes that he seeks leave to do so. Jackson, proceeding *pro se*, sues the Honorable Brock Thomas, judge of the 338th Judicial District Court of Harris County, Texas; Tiffany Dupree, Assistant District Attorney for Harris County; and Danilo La Cayo.[1]

Jackson alleges that on March 9, 2007, Judge Brock Thomas, the Assistant District Attorney Tiffany Dupree, and the Harris County grand jury manufacture a fraudulent indictment against him under Cause Number 1104003. Jackson alleges that the defendants deprived him of the right to be tried for a felony offense based on an indictment prepared by a grand jury. Instead, he alleges that the defendants used a preprinted indictment on which the prosecutor simply typed in the allegations; that the prosecutor never presented any facts to the grand jury; and, as a result, that the indictment

---

[1] Jackson does not provide any identifying information for this individual. It appears that he was involved in securing the indictment.

lacked any legal effect. Jackson asks this court to investigate and set aside his state criminal conviction.

Under 28 U.S.C. § 1915A, federal courts are authorized to review as soon as practicable a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). Dismissal may also be appropriate when it is filed too late. If "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations," *Gartrell,* 981 F.2d at 256, the court may dismiss the case.

In § 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations, to set the deadline for filing a claim. *Burge v. Parish of St. Tammany,* 996 F.2d 786, 788 (5th Cir. 1993) (citing *Hardin v. Straub,* 490 U.S. 536, 538-39 (1989)). Federal law determines when the time for filing starts to run. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992). Under federal law, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann,* 198 F.3d 153, 156-57 (5th Cir. 1999) (quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989)); *Stewart v. Parish of Jefferson,* 951 F.2d

681, 684 (5th Cir.), *cert. denied,* 506 U.S. 820 (1992). A plaintiff need not realize that a legal claim exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

The Texas limitations period for personal injury actions is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2001). Jackson's claim clearly arose in 2007, but he did not file this suit until February 27, 2015, almost six years too late. The statute of limitations bars Jackson's claims. They are dismissed. 28 U.S.C. § 1915(e); *Ali v. Higgs,* 892 F.2d 438 (5th Cir. 1990).

Alternatively, Jackson's claims are barred under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), because the relief he seeks would necessarily undermine the validity of his 2007 robbery conviction and sentence. A court must dismiss a § 1983 civil rights claim if granting it would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. at 486-87. Jackson has not alleged that his conviction in Cause Number 1104003 has been reversed, invalidated, or expunged. Until Jackson receives a ruling declaring his conviction or sentence invalid, he cannot pursue his claim. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . .").

3

Jackson's claims are legally frivolous under §§ 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Jackson's claims are dismissed, without prejudice to reasserting if a court reverses, invalidates, or expunges the underlying conviction or sentence. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

### III.   Conclusion

Jackson's constructive motion to proceed *in forma pauperis,* (Docket Entry No. 1), is granted, and his claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)   the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)   the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)   the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on April 28, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge